WILLIAM T. COLBERT, sheriff, plaintiff in error, *vs.* W. A. PARISH & COMPANY *et al.*, defendants in error.

An award upon a bill, to which the sheirff was made a party simply for the purpose of enjoining him from selling under an execution, containing recitals charging such officer with a large sum of money, does not estop him from traversing such recitals on a rule against him based on such award, although it may have been made the judgment of the court.

Arbitrament and award. Sheriff. Judgments. Estoppel. Before Judge BARTLETT. Morgan Superior Court. September Term, 1874.

For the facts, see the decision.

BILLUPS & BROBSTON, for plaintiff in error.

H. D. McDANIEL, for defendants.

WARNER, Chief Justice.

This was a rule against the sheriff of Morgan county, calling upon him to show cause why he should not pay to the plaintiffs' attorney the sum of $778 00, which was awarded to them from the proceeds of certain property alleged to have been sold by the sheriff. The sheriff answered the rule denying his liability to pay the money under a rule, as sheriff, for the reasons therein set forth. The plaintiffs traversed the sheriff's answer, and on the trial of that issue, the jury, under the charge of the court, found a verdict against the sheriff. A motion was made for a new trial on the several grounds set forth therein, which was overruled by the court, and the sheriff excepted.

It appears from the evidence in the record, that in the year 1866, Lane foreclosed a mortgage on certain described mill property, and had the same levied on and advertised for sale by the sheriff. Nash, one of the copartners in the mill property, filed a bill praying for an injunction to restrain the sale of the property, and the sheriff was made

a formal party to that bill for the purpose of the injunction only; no writ of subpœna was prayed for against the sheriff in that bill. Subsequently to the granting the injunction, it appears that the parties in interest, to-wit: Nash, the complainant in the bill, and Morrison, Nall and Lane, the defendants, agréed to refer the matters in controversy between them to two arbitrators, who made an award, which was afterwards made the judgment of the court. It does not appear that the sheriff had anything to do with this submission and award, or that he was a party thereto in any manner whatever, except that he acknowledged service on the injunction bill. There are several facts recited in the award by the arbitrators which go to charge the sheriff, and the question is, whether the sheriff was bound by that award and the recitals contained therein, so as to *estop* him from showing the truth of the matters involved, on the trial of the issue on the rule taken against him for the money claimed under that award? The court charged the jury "that if they believed the award and decree existed, they should find the issue in favor of the movants, and that the rule should be made absolúte." The general rule that the judgment of a court having jurisdiction of the parties and the subject matter, is conclusive between parties and 'privies as to the facts directly in issue which it decides, until reversed or set aside, is recognized. But in this case the sheriff had no personal interest in the subject matter of the original bill, and he was only made a party thereto because he was the officer appointed by law to execute the process of the court, and the only effect of his acknowledgment of service on the bill was to show that he had notice of the injunction restraining him from the execution of that process. In no other sense, and for no other legal purpose, could the sheriff have been properly considered a party to that bill, and he was not bound by the agreement of the parties to that bill to submit their private claims to the award of arbitrators and the decree rendered thereon. The award and the decree of the court thereon did not *estop* the sheriff, as a public officer, when

ruled for a violation of his official conduct, from showing the truth of the case because he had acknowledged service of the writ of injunction, as before stated.   The sheriff had no personal interest in the subject matter referred to the arbitrators by the parties to the injunction bill, and was not bound by their judgment in relation thereto; his official conduct as sheriff was not submitted by *him* to the arbitrators for their judgment and decision, and therefore he was not bound by it.

Let the judgment of the court below be reversed.